

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**LAWRENCE S. HAN**
Counsel
(516) 357-3148
lawrence.han@rivkin.com

April 26, 2023

**VIA ECF**

Hon. Valerie E. Caproni, USDJ
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:  Lamar Brown v. Christie's Enterprises, Inc.
>      Action No.: 22-cv-10161-VEC MF-BCM
>      RR File No.:  013106.00001

Dear Honorable Valerie Caproni:

This office represents Defendant Christie's Enterprises, Inc. ("Defendant") in the above-mentioned lawsuit.  We write in furtherance of presenting the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

The Complaint filed by Plaintiff Lamar Brown ("Plaintiff") in the present action alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights law, the New York State Civil Rights Law, and the New York City Human Rights Law.  Defendant has reached an early settlement with Plaintiff, individually, in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion.  We hereby request that the Court so-order the Consent Decree, which has been fashioned in furtherance of a reasonable resolution of the Plaintiff's claims.

The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction; (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986); *accord, Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC,* No. 18 Civ. 10491 (GWG)

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

April 26, 2023
Page 2

(S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).  Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement.

        We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.  If your Honor would prefer to review the parties' settlement agreement in advance of providing judicial approval of the Consent Decree, a copy of the settlement agreement can be provided to the Court for in camera review.  Alternatively, should same be necessary and directed by your Honor, Defendant will seek to submit the settlement agreement under seal for judicial approval.

        Thank you for your attention to this matter.

        Respectfully submitted,

        RIVKIN RADLER LLP

        Lawrence S. Han

LSH
Enc.

7403638.v1